People v Williams (2018 NY Slip Op 05089)





People v Williams


2018 NY Slip Op 05089


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


593 KA 15-01349

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISIAH WILLIAMS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ISIAH WILLIAMS, DEFENDANT-APPELLANT PRO SE.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered August 5, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count two of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). We note by way of background that, in a prior appeal (People v Williams, 101 AD3d 1728 [4th Dept 2012], lv denied 21 NY3d 1021 [2013]), we reversed defendant's conviction on count two of the indictment for criminal possession of a forged instrument in the second degree and granted a new trial on that count. Defendant now appeals from a judgment convicting him, following the new trial, of that same count, which is based upon an allegedly forged bank check identified as check number 61517. Inasmuch as it is important to the issues on this appeal, we further note that defendant was acquitted in the prior trial of two counts of criminal possession of a forged instrument in the second degree related to allegedly forged bank checks identified in the indictment as check numbers 61512 and 61519.
At the new trial, notwithstanding that defendant was acquitted of the prior charged criminal conduct involving check numbers 61512 and 61519, the People were permitted to use those checks, over defendant's objection, in their case-in-chief as evidence of, inter alia, defendant's criminal intent and motive with respect to check number 61517. In instructing the jury concerning the purpose for which check numbers 61512 and 61519 could be considered, County Court referred to defendant's alleged involvement with those checks as "uncharged conduct." The court also instructed the jury: "Regarding evidence of other crimes, there may have been evidence that on another occasion the defendant engaged in criminal conduct." Defendant contends, inter alia, that the People were collaterally estopped at the new trial from using check numbers 61512 and 61519 as evidence with respect to count two involving check number 61517, and that the court committed reversible error in permitting such evidence. We agree.
We conclude that it was improper for the court to characterize any evidence concerning defendant's alleged possession of forged checks numbered 61512 and 61519 as "uncharged conduct" or "criminal conduct." Defendant in fact had been charged, tried, and acquitted of criminal possession of a forged instrument in the second degree with respect to those checks. We therefore further conclude that the People were collaterally estopped by the earlier verdict from presenting any evidence related to check numbers 61512 and 61519 at the new trial (see People v O'Toole, 22 NY3d 335, 338 [2013]; People v Acevedo, 69 NY2d 478, 486-487 [1987]).
Contrary to the People's contention, we perceive no "unreasonable difficulty" that jeopardizes the jury's truth-seeking function by the application of collateral estoppel here (O'Toole, 22 NY3d at 339; see generally People v Ortiz, 26 NY3d 430, 437 [2015]). Indeed, we conclude that, during the new trial, the jury was provided with a misleading or untruthful account of defendant's conduct with respect to check numbers 61512 and 61519. Moreover, the People have not established that the application of collateral estoppel here would require any material witness to give untruthful or misleading testimony with respect to check number 61517. The charge at issue herein requires the People to prove only that defendant knew that check number 61517 was forged and that, with intent to defraud, deceive, or injure another, he uttered or possessed the check (see Penal Law § 170.25). Thus, even absent any reference to check numbers 61512 or 61519, the People's witnesses can testify to defendant's involvement, if any, with check number 61517 without materially altering testimony concerning that instrument or providing the jury with a misleading or untruthful account.
In light of our determination, we do not reach defendant's remaining contentions.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court